IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-02601-PAB-BNB

MICHAEL E. CUMMINGS,

    Plaintiff,

v.

AVON WYNFIELD, LLC,

    Defendant.

## STIPULATED [PROPOSED] PROTECTIVE ORDER

THIS MATTER having come before the Court on the Defendant's Motion for Protective Order, and the Court having reviewed the same and being advised in the premises, does hereby ORDER that Defendant's request for a Protective Order is GRANTED, and does further ORDER the following:

    1.    **Discovery Material.** This Order applies to all documents, the information contained therein, and all other information produced or disclosed in connection with this litigation whether revealed in a document, in deposition, trial or other testimony, in discovery responses, or otherwise ("discovery material") by any party in this litigation (the "producing party") to any other party (the "receiving party").

    2.    **Use of Confidential Materials.** With the exception of documents or information that have become publicly available without a breach of the terms of this Order, all documents, information or other discovery material produced or discovered in this action that have been designated by a named party to this case as Confidential Material shall be used solely for the prosecution or defense of this action.

3. **Rights Unaffected.** The terms of this Order shall in no way affect the right of any person (a) to withhold information on alleged grounds of immunity or protection from discovery, including but not limited to privilege and work product grounds; or (b) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

4. **Designation of Documents as Confidential Material.**

(a) For the purposes of this Order, the term "document" means any and all written, electronic and digital records of any kind.

(b) The parties will designate information as Confidential Material only after the producing party's attorney has reviewed the information and made a good faith determination that the information is confidential or otherwise entitled to protection. Information deemed confidential following this review shall be marked by the producing party with the legend "Confidential" in a size and location that makes the designation readily apparent.

(c) The information designated as Confidential Material shall be information that is confidential and implicates common law and statutory privacy interests of (a) business entities and their proprietary information, and (b) individuals and their sensitive personal information such as medical records.

5. **Non-Disclosure of Confidential Material.** Confidential Material, including any copy, portion, synopsis, summary, analysis, digest, translation, transcription, or other derivation thereof, shall not be disclosed in any way to any person(s) except:

(a) The receiving party;

(b) Any counsel of record in this action and any employee assisting such counsel, to the extent considered reasonably necessary to render professional services in connection with the prosecution or defense of this action;

(c) Court officials involved in this action (including court reporters and video recording equipment operators at depositions);

(d) Any expert or affiliate who is expressly retained by or on behalf of any party to provide assistance or testimony with respect to this action;

(e) Persons noticed for depositions or designated as trial witnesses in this action, or those who counsel of record in good faith expect to testify at deposition or trial in this action, to the extent reasonably necessary in preparing to testify;

(f) Any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action;

(g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(h) Any other person consented to by the producing party.

6. **Procedure to Challenge the Designation of Information as Confidential Material.**

(a) If at any time a party wishes for any reason to dispute a designation of discovery material as Confidential Material, the receiving party shall notify the producing party in writing, specifying by exact Bates number(s) the discovery material in dispute.

(b) If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, or within such other time period as the parties may agree, it shall be the obligation of the producing party to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. The producing party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.

(c) In the event the producing party fails to make an application to the Court for a ruling on the dispute, the disputed discovery material shall lose its designation as Confidential Material (the "Declassification Event") and shall not thereafter be treated as confidential in accordance with this Protective Order. If an application is filed with the Court before the expiration of such ten day period, however, the disputed discovery material shall retain the designation as Confidential Material pursuant to paragraph 7 below.

7. **Non-Termination.** Documents or information designated as Confidential Material shall retain that designation and remain subject to the terms of this Order until such time, if ever, as: (a) the Court renders a decision that any such document or information is not properly subject to protection from disclosure; (b) a Declassification Event occurs with respect to such document or information; or (c) such document or information becomes publicly available without a breach of the terms of this Order.

8. **No Waiver of Rights or Implication of Discoverability.** This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing

in this Order shall enlarge or in any way affect the proper scope of discovery in this action, nor shall anything in this Order imply that any confidential information is properly discoverable, relevant, or admissible in this action. Nothing in this Order shall be construed as an agreement to either enlarge or restrict the scope of protection afforded by Colorado law.

      9.    **Inadvertent Disclosures.**

(a)    The inadvertent production of any discovery material that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such discovery material is inadvertently produced, upon request from the producing party, the receiving party shall promptly return the discovery material and all copies of the discovery material in its possession, delete any electronic versions of the discovery material it maintains within ten days, and make no use of the information contained in the discovery material. The party returning such discovery material shall have the right to apply to the Court for an Order that such discovery material is not protected from disclosure by any privilege, but may not assert as a ground for such application the fact or circumstances of the inadvertent production.

(b)    ~~Failure to return all copies of any inadvertently produced privileged document precludes its use for purposes of this specific litigation as well as for any other purpose, and precludes the receiving party from challenging the propriety of the designation of privilege~~.

(c) In the event the producing party or other person inadvertently fails to designate discovery material as Confidential Material, it may make such a designation subsequently by notifying all persons and parties to whom such discovery material were produced, in writing, as soon as practicable. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated discovery material as Confidential Material, subject to their right to dispute such designation in accordance with paragraph 9.

10. **Depositions.** If reference is made to any Confidential Material during the course of a deposition, the parties (and deponents) may designate portions of the transcript as Confidential Material. Said portions of the transcript that include references to any of the Confidential Material shall not be revealed in any manner to any persons, except pursuant to the provisions of this Order. If a document designated Confidential Material is marked as an exhibit at a deposition, such document will not be bound within the transcript, but shall be retained separately by the attorneys for the respective parties pursuant to the provisions of this Order.

11. **Confidential Material in Court Filings.** The parties shall comply with D.C.COLO.LCivR 7.2 when filing motions to seal and when filing papers and documents under seal. Confidential Material shall not be filed with the Court except when required in connection with matters pending before the Court. ~~In addition to the requirements of D.C.COLO.LCivR 7.2, when filing papers and documents under seal, they shall be filed in a sealed envelope, clearly marked:~~

~~THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT~~

~~and shall remain sealed while in the office of the Clerk so long as they retain their Confidential Material designation. Said Confidential Material shall be kept under seal until further order of the Court; however, Confidential Material and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Order.~~

~~12.     **Confidential Material Offered as Evidence at Trial.**~~  ~~Confidential Material may be introduced by any party at the time of trial or at any court hearing upon advance notice affording the producing party a reasonable opportunity to consider and respond to the proposed use of the information. At the time that such material is introduced, the Court shall issue such order as it deems appropriate for maintaining the confidentiality of such material.~~

13.     **Return of Confidential Material.**   At the conclusion of this lawsuit by dismissal, stipulation, or final order or judgment, or any appeal therefrom, all Confidential Material received by whomever in paper or other tangible form, including all copies and summaries or compilations thereof, other than those Confidential Materials that may be necessary in connection with the prosecution or defense of this Action, shall be returned to the producing party and all electronic versions of such Confidential Material (including any synopsis, summary, analysis, and/or digest thereof) shall be destroyed within 30 days.

Counsel for the receiving party shall promptly notify all persons to whom Confidential Material have been provided and/or disclosed that this lawsuit has been concluded and instruct them to return all Confidential Material in paper or other tangible form and destroy all electronic versions of Confidential Material within 30 days to the extent required by this paragraph. D

14. ~~**Documents Filed Under Seal.** The Clerk of the Court may, at the conclusion of the lawsuit, including any appeal therefrom, return to counsel or destroy material filed under seal. Before destroying any document filed under seal, the Clerk shall advise all parties that the material will be destroyed if not retrieved by counsel, providing counsel at least 21 days to respond. In the absence of a response, the Clerk may destroy the documents filed under seal.~~

15. **Modification Permitted.** Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

Dated May 25, 2010.

             BY THE COURT:

             s/ Boyd N. Boland
             United States Magistrate Judge

STIPULATED AS TO FORM:

*s/ Scott C. Sandberg*
Scott C. Sandberg
Virginia L. Olmstead
Snell & Wilmer L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, CO 80202
Telephone: 303-634-2000
Fax: 303-634-2020
Email: ssandberg@swlaw.com; volmstead@swlaw.com

Attorneys for Defendant


*s/ William J. Hansen*
William J. Hansen
Sean M. McDermott
McDermott, Hansen & McLaughlin, LLP
1890 Gaylord Street
Denver, CO 80206
billhansen@mhmlawfirm.com; smcdermott@mhmlawfirm.com

Attorneys for Plaintiff


11445089